```
NWOKORO & SCOLA, ESQUIRES
44 Wall Street, Suite 1218
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff
```

```
--------------------------------X----------------------------
ANTHONY FLOYD,                   :UNITED STATES DISTRICT COURT
                                 :SOUTHERN DISTRICT OF NEW YORK
          Plaintiff,             :
                                 :    CASE No.:_____
     against                     :
                                 :    CIVIL ACTION
                                 :
THE CITY OF NEW YORK, and        : COMPLAINT
DETECTIVE DAVID TERRELL,         :
                                 :
                                 : PLAINTIFF DEMANDS
                                 : TRIAL BY JURY
          Defendant(s).          :
-----------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Anthony Floyd, hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Anthony Floyd, by his attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, and Detective David Terrell, collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, and Fourteenth Amendments

1

to the Constitution of the United States, and by Title 42 U.S.C. § 1983.

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, and Fourteenth Amendments to the United States Constitution.
3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

4. Plaintiff resides in Bronx, New York and is a resident of the State of New York.
5. The actions which form the underlying basis for this case all took place in the County of Bronx, within the jurisdiction of the Southern District of New York.
6. Defendant Detective David Terrell is a police officer for the City of New York acting under color of state law. He is being sued in both his individual and official capacities.
7. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Detective David Terrell.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. On or about April 5, 2014, plaintiff was arrested by police officers from the 42nd precint of the New York City Police Department (NYPD), including Detective David Terrell, and was taken to the 42nd precint. Plaintiff was told that he was under arrest for disorderly conduct, however, defendant was not acting in a disorderly manner, and upon information and belief, Detective Terrell arrested the plaintiff as part of an operation which involved arresting teenage members of the community on false pretences in order to ask them about guns while they were in detention.

9. That in the cause of the aforesaid arrest, Mr. Floyd was detained, manhandled, restrained and handcuffed by Detective David Terrell and other police officers whose names are not known to the plaintiff.

10. That at no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

11. At the 42nd precint, plaintiff was placed in a cell where he was interrogated by Detective David Terrell and two other police officers in white shirts. Detective Terrell repeatedly asked plaintiff if he knew who was dealing guns in the neighborhood, when the plaintiff protested that he didn't know anything about guns, Detective Terrell told him "shut up or I will break your face".

12. Although plaintiff complied with this directive, Detective Terrell became very angry at plaintiff's lack of information about guns, and started to beat the plaintiff about the head and the face although plaintiff offered no

3

physical threat to the detective whatsoever.

13. Two other police officers in white shirts, who were present, also hit the plaintiff while asking him questions about guns.

14. Detective David Terrell beat the plaintiff in the head and the face until the plaintiff was barely conscious and unable to move. Detective Terrell beat the plaintiff so badly that plaintiff sustained a fractured eye socket and a broken nose.

15. After realizing how badly he had hurt the plaintiff, Detective Terrell, did not call for any medical assistance, but rather issued Mr. Floyd a desk appearance ticket and released him.

16 As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to physical trauma to his face, eyes, ears, nose, and teeth, bleeding, bruises and lacerations to his face, mouth, nose and ear, a nasal fracture, a fracture of the orbital floor,(blow out fracture); pain and suffering; emotional distress, nightmares, and unwarranted severe anger bouts some or all of which may be permanent.

17. The false arrest of plaintiffs, and plaintiffs wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

19. Defendant City of New York, as a matter of policy and

practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

20. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

21. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the New York City Police Department (NYPD).

22. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in law enforcement conduct themselves in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

23. The defendant City of New York deliberately and

5

intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

24. That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

25. The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

26. In an Order dated November 25, 2009, in <u>Colon v. City of New York, 09 CV 0008 (EDNY)</u>, the court held that:

> *Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the*

6

> *police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.*

27. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.
28. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.
29. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.
30. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

**AS A FIRST CAUSE OF ACTION: AGAINST DETECTIVE DAVID TERRELL AND THE CITY OF NEW YORK: OFFICER FALSE ARREST AND FALSE IMPRISONMENT/UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS BROUGHT UNDER 42 U.S.C § 1983**

31. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

33. In the arrest, detention and imprisonment of the plaintiff on or about April 5, 2014, defendants Terrell and the City of New York, acting under color of state law, deprived the plaintiff of his right to be free from unreasonable search and seizure and arrest without probable cause as required by the Fourth and Fourteenth Amendments, therefore are liable in violation of 42 U.S.C. Section 1983, which prohibits the deprivation under color of state law, of rights secured under the United States Constitution.

34. As a result of the aforesaid violation, plaintiff has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, and was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

36. The defendant officers were at all material times acting within the scope of their employment, and as such, the

defendant City is vicariously liable for the defendant
                officers acts as described above.

**AS A SECOND CAUSE OF ACTION: AGAINST DETECTIVE DAVID TERRELL AND THE CITY OF NEW YORK: EXCESSIVE USE OF FORCE IN VIOLATION OF THE 4TH AND 14TH AMENDMENTS, BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983**

37. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 36 of this complaint as though fully set forth herein.
38. The conduct and actions of Detective David Terrel, in beating the plaintiff until he was unresponsive and barely conscious, breaking his nose, and fracturing his eye socket was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the fourth and fourteenth amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.
39. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

**AS A THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS DETECTIVE DAVID TERRELL AND THE CITY OF NEW YORK: DEPRIVATION OF RIGHTS**

9

**UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C § 1983**

40. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. Members of the NYPD have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

42. Defendant Detective David Terrell beat plaintiff until he was barely conscious, broke his nose and fractured his eye socket.

43. Defendant Terrell was aware that plaintiff sustained the aforementioned injuries and was experiencing extreme physical pain as a result, but took no action to provide or request medical care for the plaintiff.

44. Upon information and belief, if Detective Terrell had summoned medical assistance for the plaintiff, this may have led to an internal departmental investigation as plaintiff entered the 42nd precint on that day with no such injuries as recorded in the command log and in the log book of Detective David Terrell. Both logs would show that plaintiff did not have such traumatic injuries when he was brought to the 42nd precint on or about April 5, 2014.

45. Upon information and belief, plaintiff was not taken to central booking and charged with disorderly conduct as he was told that he would be, because such a charge would have involved a record of the serious injuries inflicted by defendant Terrell on the plaintiff and defendant Terrell sought to avoid such a record therefore, he issued a desk warrant and released the plaintiff.

46. After his release, plaintiff immediately sought and received emergency medical treatment from Bronx-Lebanon Hospital Center where he was diagnosed with a nasal

fracture, and an orbital blow out fracture of the eye socket caused by direct (blunt) trauma to the region of the eye.

47. Detective Terrell's failure to summon immediate medical assistance for the plaintiff caused the plaintiff several hours of delay in receiving necessary emergency treatment, and un-necessary pain and suffering as well as consequent damage.

48. The conduct and actions of Defendant Terrell, acting under color of state law, in failing to request medical attention for Anthony Floyd, was unreasonable, ill motivated, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the fourteenth Amendment to the United States Constitution.

49. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

50. Plaintiff specifically references and incorporates in this complaint, the command logs of the 42nd precint, the log book of Detective David Terrell for the appropriate dates, and plaintiff's medical records from Bronx-Lebanon Hospital Center from April 5, 2014.

**AS A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983**

51. By this reference, plaintiffs incorporates each and every

11

allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52. Detective Terrell arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

53. The acts complained of were carried out by the individual defendant in his capacity as a police officer and official, with all the actual and/or apparent authority attendant thereto.

54. Defendant Terrell acted under color of law, in his official capacity, and his acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are engaged in illegal or criminal conduct;

b. manufacturing evidence against individuals allegedly involved in illegal or criminal conduct;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

56. The aforesaid event was not an isolated incident. The City and its police commissioner has been aware for some time,

from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

57. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

58. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed

13

with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

59. Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

60. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

61. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

62. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of Jose Colon v. City

14

of New York, et al (09-cv-8) and Maximo Colon v. City of New York, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

63. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the

plaintiff was detained.

   (d)   The right to be free from the use of excessive force.

64. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

65. The defendant officer was the actual agent of the defendant City of New York and was following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

66. The actual principal/agent relationship between defendant City and the defendant officer was created by the fact that he was an employee of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officer.

67. Defendant Terrell's actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendant had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

      **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: November __7___, 2016,
       New York, New York

.

_____
Chukwuemeka Nwokoro, Esq.
Nwokoro & Scola, Esquires
Attorney for Plaintiff
44 Wall Street, Suite 1218
New York, New York 10005
Tel. (212) 785-1060