UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY FLOYD,   16 Civ. 8655 (LAP)

                                  Plaintiff,

         -against-   **ANSWER**

THE CITY OF NEW YORK, and   **JURY TRIAL DEMANDED**
DETECTIVE DAVID TERRELL,

                                 Defendants.

------------------------------------------------------------------------ x

      Defendants The City of New York ("The City") and Detective David Terrell ("Det. Terrell") (collectively "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

### "NATURE OF ACTION"

      1.    Defendants deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

### "JURISDICTION"

      2.    Defendants deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's subject matter jurisdiction as stated therein.

      3.    Defendants deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff alleges that venue is proper as stated therein.

"PARTIES"

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Paragraph "6" of the complaint which states "acting under color of law" is a conclusion of law which requires no response, except admit that Det. Terrell was a police officer with the City of New York on April 5, 2014 and that plaintiff purports to proceed as stated therein.

7. Defendants deny allegations set forth in paragraph "7" of the complaint, except admits that The City is a municipal corporation duly organized and operating under the laws of the State of New York, maintains its police department consistent with all applicable laws, and respectfully refers the Court to the New York City Charter for a full recitation of the relationship between The City and its police officers and that The City employed Det. Terrell on April 5, 2014.

"FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

8. Defendants deny allegations set forth in paragraph "8" of the complaint.

9. Defendants deny allegations set forth in paragraph "9" of the complaint.

10. Defendants deny allegations set forth in paragraph "10" of the complaint.

11. Defendants deny allegations set forth in paragraph "11" of the complaint.

12. Defendants deny allegations set forth in paragraph "12" of the complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Defendants deny allegations set forth in paragraph "14" of the complaint.

15. Defendants deny allegations set forth in paragraph "15" of the complaint.

16. Defendants deny allegations set forth in paragraph "16" of the complaint.

17. Defendants deny allegations set forth in paragraph "17" of the complaint.

18. Defendants deny allegations set forth in paragraph "18" of the complaint.

19. Defendants deny allegations set forth in paragraph "19" of the complaint.

20. Defendants deny allegations set forth in paragraph "20" of the complaint.

21. Defendants deny allegations set forth in paragraph "21" of the complaint.

22. Defendants deny allegations set forth in paragraph "22" of the complaint.

23. Defendants deny allegations set forth in paragraph "23" of the complaint.

24. Defendants deny allegations set forth in paragraph "24" of the complaint.

25. Defendants deny allegations set forth in paragraph "25" of the complaint.

26. Defendants deny allegations set forth in paragraph "26" of the complaint and respectfully refer the Court to the case cited therein for a full recitation of the facts and circumstances, and further state that citation to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See Simms v. City of New York, 2012 U.S. App. LEXIS 9819 (2d Cir. May 16, 2012) and Hickey v. City of New York, 2004 U.S. Dist. LEXIS 239, at *72 (S.D.N.Y. Nov. 24, 2004) ("The Court cannot . . . take judicial notice of a number of highly-publicized episodes of alleged police abuse or brutality, assume without any evidentiary record that these episodes all involved wrongful police behavior and a failure to investigate or punish such behavior, and extrapolate from those assumptions an effect on the present episode.")

27. Defendants deny allegations set forth in paragraph "27" of the complaint.

28. Defendants deny allegations set forth in paragraph "28" of the complaint.

29. Defendants deny allegations set forth in paragraph "29" of the complaint.

30. Defendants deny allegations set forth in paragraph "30" of the complaint.

## "FIRST CAUSE OF ACTION"

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

32. Defendants deny allegations set forth in paragraph "32" of the complaint.

33. Defendants deny allegations set forth in paragraph "33" of the complaint.

34. Defendants deny allegations set forth in paragraph "34" of the complaint.

35. Defendants deny allegations set forth in paragraph "35" of the complaint.

36. Defendants deny allegations set forth in paragraph "36" of the complaint.

## "SECOND CAUSE OF ACTION"

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

38. Defendants deny allegations set forth in paragraph "38" of the complaint.

39. Defendants deny allegations set forth in paragraph "39" of the complaint.

## "THIRD CAUSE OF ACTION"

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

41. Paragraph "41" of the complaint sets forth conclusions of law and therefore no response is required.

42. Defendants deny allegations set forth in paragraph "42" of the complaint.

43. Defendants deny allegations set forth in paragraph "43" of the complaint.

44. Defendants deny allegations set forth in paragraph "44" of the complaint.

45. Defendants deny allegations set forth in paragraph "45" of the complaint.

46. Defendants deny allegations set forth in paragraph "46" of the complaint.

47. Defendants deny allegations set forth in paragraph "47" of the complaint.

48. Defendants deny allegations set forth in paragraph "48" of the complaint.

49. Defendants deny allegations set forth in paragraph "49" of the complaint.

50. Defendants deny allegations set forth in paragraph "50" of the complaint.

## "FOURTH CAUSE OF ACTION"

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege all of the preceding paragraphs of their answer, as if fully set forth herein.

52. Defendants deny allegations set forth in paragraph "52" of the complaint.

53. Defendants deny allegations set forth in paragraph "53" of the complaint.

54. Defendants deny allegations set forth in paragraph "54" of the complaint.

55. Defendants deny allegations and all of its subparts set forth in paragraph "55" of the complaint.

56. Defendants deny allegations set forth in paragraph "56" of the complaint.

57. Defendants deny allegations set forth in paragraph "57" of the complaint.

58. Defendants deny allegations set forth in paragraph "58" of the complaint.

59. Defendants deny allegations set forth in paragraph "59" of the complaint.

60. Defendants deny allegations set forth in paragraph "60" of the complaint and further state that citation to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See Simms v. City of New York and Hickey v. City of New York, supra.

61. Defendants deny allegations set forth in paragraph "61" of the complaint and further state that citation to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See Simms v. City of New York and Hickey v. City of New York, supra.

62. Defendants deny allegations set forth in paragraph "62" of the complaint and further state that citation to unrelated actions, premised on different sets of factual allegations, does not support an inference regarding the purported existence of unconstitutional customs and policies. See Simms v. City of New York and Hickey v. City of New York, supra.

63. Defendants deny allegations and all of its subparts set forth in paragraph "63" of the complaint.

64. Defendants deny allegations set forth in paragraph "64" of the complaint.

65. Defendants deny allegations set forth in paragraph "65" of the complaint.

66. Defendants deny allegations set forth in paragraph "66" of the complaint.

67. Defendants deny allegations set forth in paragraph "67" of the complaint.

### "WHEREFORE CLAUSE"

The Wherefore Clause and all its subparts are not averments of fact to which a response is required.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## THIRD AFFIRMATIVE DEFENSE

Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Terrell has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their own physical safety and the safety of others.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff provoked the incident.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

There was probable cause for plaintiff's arrest/seizure and prosecution.

**WHEREFORE**, defendants request judgment dismissing plaintiff's complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 14, 2017

                                  ZACHARY W. CARTER
                                  Corporation Counsel of the City of New York
                                    *Attorney for The City of New York, Terrell*

                            By:         **/s/**
                                   Suzanne E. Aribakan
                                   *Senior Counsel*
                                   100 Church Street
                                   New York, New York 10007
                                   Tel: 212-356-2386

       **VIA ECF**

To:    Chukwuemeka Nwokoro, Esq.
       Nwokoro & Scola, Esquires
      *Attorney for Plaintiff*
      48 Wall Street, 11TH Floor
      New York, New York 10005
      Tel: (212) 785-1060

| |
|---|
| **16-CV-8655 (LAP)** |
| **UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK** |
| ANTHONY FLOYD,<br><br>                                                                                              Plaintiff,<br><br>                              -against-<br><br>THE CITY OF NEW YORK, and<br>DETECTIVE DAVID TERRELL,<br><br>                                                                                              Defendants. |
| **ANSWER TO COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for City and Terrell*<br>*100 Church Street*<br>*New York, New York 10007*<br><br>*Of Counsel:  Suzanne E. Aribakan*<br>*Tel:  (212) 356-2386* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York*<br><br>*Suzanne E. Aribakan, Esq.*<br><br>*Attorney for Defendants* |